## John A. Nipper, Defendant in Error, v. The Wabash Railroad Company, Plaintiff in Error.

### Gen. No. 19,162.    (Not to be reported in full.

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Action by John A. Nipper against The Wabash Railroad Company to recover damages for personal injuries alleged to have been received by plaintiff at a street crossing in the city of Danville, Illinois, through the negligence of defendant in obstructing such crossing by placing thereon a certain bucket so that plaintiff, while in the act of crossing such street in the nighttime, ran into said bucket and by reason thereof he fell and his left foot was run over by the wheels of a passing train. The case was tried before a jury and a verdict was returned finding the defendant guilty and assessing plaintiff's damages in the sum of three thousand dollars. To reverse the judgment, defendant brings error.

ZANE, MORSE, McKINNEY & McILVAINE, for plaintiff in error; J. L. MINNIS, of counsel.

MORSE IVES, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 733*—*when recovery for injuries resulting from obstruction at street crossing sustained by the evidence.* In an action against a railroad company for personal injuries received by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff at a street crossing alleged to have been caused by the negligence of defendant in obstructing the crossing with a certain bucket which plaintiff, while in the act of crossing, ran into and fell so that his foot was run over by a passing train, *held* that a verdict for plaintiff was sustained by the evidence, it appearing that the trial court approved the verdict by overruling a motion for a new trial and that there was a weakness in defendant's proof in that it supports two inconsistent theories as to the way in which the accident happened.

2. RAILROADS, § 769*—*when instruction not erroneous as assuming facts.* The giving of an instruction for plaintiff which simply informed the jury that the plaintiff charges in his declaration that the railroad company operated its trains across a certain public street, *held* not error for the reason that the jury would infer from the language of the instruction that the court assumed that the crossing was a public crossing.

3. INSTRUCTIONS, § 90*—*when instruction on right of jury to disregard testimony of a witness erroneous.* A requested instruction stating that "the jury have no right to disregard the testimony of a witness where such testimony is not contradicted, and such witness has not been impeached," *held* bad for the reason that the testimony referred to is not confined to material matters and for the reason that the testimony might be plainly false and impossible of direct contradiction or impeachment.